SCANNED

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

U.S. DISTRICT COURT
PORTLAND, MAINE
RECEIVED AND FILED
2011 APR 22 A 10: 16

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:11-MJ-66-JHR |
| v. | ) | |
| | ) | 21 U.S.C. § 846, 843(a)(3) |
| TAMMY SARGENT | ) | 18 U.S.C. § 1347 |

## CRIMINAL COMPLAINT

I, Eric Hafener, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

### COUNT 1
### (Conspiracy to Acquire Drugs by Deception)

Between about September 2009 and November 2009, in the District of Maine, defendant

**TAMMY SARGENT**

knowingly and intentionally conspired with others known and unknown to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, and subterfuge, in violation of Title 21, United States Code, Sections 846 and 843(a)(3).

It is further alleged that the penalty provisions of Title 21, United States Code, Section 843(d)(1) apply to the conduct described herein.

### COUNT 2
### (Health Care Fraud)

Between about September 2009 and November 2009, in the District of Maine, defendant

**TAMMY SARGENT**

did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud MaineCare, a health care benefit program as defined in Title 18, United States Code, Section

24(b), to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of such health care benefit programs. Specifically, the defendant utilized her MaineCare account to pay for prescription medication that was medically unnecessary and obtained for further distribution.

In violation of Title 18, United States Code, Sections 1347 and 24(b).

This Complaint is based on those facts which are set forth in my affidavit of April 22, 2011, which is attached hereto and incorporated herein by reference.

Eric Hafener
Special Agent
U.S. Department of Health and Human Services

Sworn to before me, and subscribed in my presence this 22nd day of April, 2011.

John H. Rich III
United States Magistrate Judge

## AFFIDAVIT OF ERIC HAFENER

I, Eric Hafener, am a Special Agent, U.S. Department of Health and Human Services, Office of Inspector General, Office of Investigations (OIG-HHS), and I swear that the facts set forth below are true. I make this Affidavit in support of the issuance of a criminal complaint charging Tammy Sargent with the offenses of conspiracy to acquire drugs by misrepresentation, fraud, deception, or subterfuge, in violation of Title 21, United States Code, Sections 846 and 843(a)(3), and health care fraud, in violation of Title 18, United States Code, Section 1347. Because this Affidavit is being submitted for a limited purpose, I have not included each and every fact that I know concerning this investigation. Rather, I have set forth only those facts that relate to the issue of whether probable cause exists to support the issuance of a criminal complaint. In addition, where I assert that a statement or observation was made, I did not personally hear the statement or make the observation unless specifically so stated. Instead, the information was provided by a witness or another law enforcement officer, either verbally or in writing, who had direct or indirect knowledge of the statement or observation.

1. I am a Special Agent with OIG-HHS and have been employed in that capacity since July 1998, and have been employed in federal law enforcement since October 1992. I have attended the Criminal Investigation Training Program at the Federal Law Enforcement Training Center. I have a Master of Business Administration degree and a Bachelor of Business Administration degree. I am knowledgeable with the rules and regulations pertaining to services that are covered by Medicare and Medicaid, also known as MaineCare. I have also participated in investigations into the unlawful distribution of illegal drugs, in violation of Title 21 of the United States Code and/or the drug laws of the State of Maine. I have conducted or participated in,

among other things, surveillance, undercover operations, the execution of search and arrest warrants, and debriefings of informants and confidential sources.

2. MaineCare is the State of Maine's Medicaid program and is a health care benefit program as that term is defined in Title 18, United States Code, Section 24(b). MaineCare is jointly funded by federal and state sources and provides health insurance to disabled and low income individuals.

3. MaineCare includes a prescription drug program that covers the cost of medically necessary prescriptions for MaineCare beneficiaries.

4. Oxycodone is a Schedule II controlled substance and is the active ingredient in OxyContin. Oxycodone is a narcotic pain reliever that can only be obtained legally with a physician's prescription. Based on my training and experience, I know that oxycodone has a legitimate medical purpose. However, I also know that oxycodone is regularly diverted and is a popular street drug. As a Schedule II opioid, oxycodone may cause physical and psychological dependence.

5. 21 C.F.R. § 1306.04(a) provides that "A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice. The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner, but a corresponding responsibility rests with the pharmacist who fills the prescription. An order purporting to be a prescription issued not in the usual course of professional treatment or in legitimate and authorized research is not a prescription within the meaning and intent of section 309 of the Act (21 U.S.C. 829) and the person knowingly filling such a purported prescription, as well as the

person issuing it, shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances."

6. On about September 26, 2009, a prescription for 60 oxycodone 30-mg pills written to Tammy Sargent was filled at a pharmacy in Westbrook, Maine. On about November 6, 2009, a prescription for 50 oxycodone 30-mg pills written to Tammy Sargent was filled at a pharmacy in Portland, Maine. Both prescriptions were written by Doctor A.

7. Based on records received from the State of Maine, I know that Sargent used her MaineCare account to pay for these two prescriptions. MaineCare paid $23.35 for the September 26, 2009, prescription and $19.52 for the November 6, 2009, prescription.

8. In November 2010, law enforcement personnel interviewed Sargent. In summary and in part, Sargent provided the following information:

a. Sargent and Individual 1 met Doctor A at a bar;
b. Individual 1 asked Doctor A if Doctor A would write prescriptions for Individual 1 but made out in Sargent's name;
c. Doctor A agreed to Individual 1's request and wrote prescriptions to Sargent;
d. Individual 1 told Sargent he paid Doctor A $600 per prescription;
e. Individual 1 filled one of the prescriptions written to Sargent at the pharmacy and gave 10 pills to Sargent as payment;
f. Sargent had no office visits with Doctor A and did not seek medical treatment from Doctor A. Sargent's sole purpose for meeting Doctor A was to obtain prescriptions for Individual 1.

9. In November 2010, law enforcement personnel executed a search warrant at Doctor A's medical office and did not locate any medical records associated with Sargent.

10. Based on my training and experience and the facts set forth above, I believe the following: (1) the prescriptions dated September 26, 2009, and November 6, 2009, described above were not written or filled for a legitimate medical purpose; (2) these two prescriptions were presented to the pharmacies as valid prescriptions and the pharmacies relied upon these prescriptions when they dispensed oxycodone; (3) MaineCare funds were used to pay for prescription drugs that were medically unnecessary and further distributed.

11. Based on the facts set forth above, I respectfully request that the Court issue a criminal complaint charging Tammy Sargent with the offenses of conspiracy to acquire drugs by misrepresentation, fraud, deception, or subterfuge, in violation of Title 21, United States Code, Sections 846 and 843(a)(3), and health care fraud, in violation of Title 18, United States Code, Section 1347.

Eric Hafener
Special Agent
OIG-HHS

Sworn to before me and subscribed in my presence this 22nd day of April, 2011.

John H. Rich III
United States Magistrate Judge